IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 11-450 |
| | : | |
| v. | : | |
| OMARI BEY | | |

### MEMORANDUM ORDER

LINDA K CARACAPPA                                                                 NOVEMBER 10, 2011

UNITED STATES MAGISTRATE JUDGE

      Before the court is the Government's Motion to Reconsider The Denial of It's Motion for Pretrial Detention [Document No. 17], together with the Response of Defendant Omari Bey [Document No. 18].

      Upon careful review of the motions, together with all attachments thereto, and specifically the Notes of Testimony, 32 pages, from the October 4, 2011 hearing on the initial motion of the government requesting detention, the court declines to revise or revoke its order of October 4, 2011 establishing release conditions including home confinement with electronic monitoring and other conditions.

      While the arguments advanced for reconsideration are understood particularly as related to a potential finding of the intended use by defendant of the drug purchases for which he stands indicted, the court notes those arguments were heard and seriously considered together with all other evidence, proffers, and arguments at the time of the initial hearing. The court is required to, and did, consider everything presented, so that it is inaccurate and unfounded to argue as the motion to reconsider apparently does, that the decision of the court to order release with conditions was predicated simply on any finding of intended use.

      At the time of the hearing, the government argued that under The Bail Reform Act, 18 U.S.C. 3142, which governs the issue of pretrial detention, there existed a rebuttable

presumption that no conditions exist to reasonably permit release. Defense argued that the facts did not support such a rebuttable presumption.

For the purposes of the motion to reconsider, we find that whether or not the government has met its burden on establishing this as a 'presumption' case, the totality of what the court has considered more than sufficiently would rebut any applicable presumption, and reasonable conditions exist to allow pretrial release.

Additionally, we note defense counsel's argument on page two of defendant's response, that the "defendant's behavior and performance on pretrial release has been exemplary", and that defendant has obtained full-time employment since the time of the initial hearing on the detention motion. We accept this information as an appropriate and accurate proffer, in the same way we accept various representations in the government's motion as appropriate and accurate proffers.

Although not of record, we also note that no compliance complaint or request to modify any release conditions previously ordered has been received from the supervising pre-trial officer, and find it is appropriate to consider lack of any such complaint in considering the government's motion at this time.

Considering all of the above, the motion to reconsider is denied. An order follows: